## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Frances S. Bland,                                    Civil No. 13-758 (DWF/JJG)

        Plaintiff,

v.                                                          **MEMORANDUM**
                                                            **OPINION AND ORDER**
Deutsche Bank National Trust
Company,

        Defendant.

---

Jonathan L. R. Drewes, Esq., and Michael J. Wang, Esq., Drewes Law, PLLC, counsel for Plaintiff.

Kirstin D. Kanski, Esq., and Bryan A. Welp, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Defendant Deutsche Bank National Trust Company's Motion to Dismiss Complaint (Doc. No. 7). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

On February 27, 2004, Frances S. Bland ("Plaintiff") and her husband executed a mortgage in favor of IndyMac Bank, F.S.B. that secured a lien for residential property on Vista Ridge Lane in Shakopee, Minnesota ("Subject Property"). (Doc. No. 1, Ex. 1 ("Compl.") ¶¶ 1, 4; Doc. No. 13, Ex. A.) In a document dated March 6, 2011, the Federal

Deposit Insurance Corporation ("FDIC"), as Receiver for IndyMac Federal Bank, FSB,

successor in interest to IndyMac Bank, F.S.B., assigned the mortgage to Deutsche Bank

National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust

2004-AR2, Mortgage Pass-Through Certificates, Series 2004-AR2 under the Pooling and

Servicing Agreement dated June 1, 2004 ("Defendant").   (Compl. ¶ 5; Doc. No. 13,

Ex. B.)  The assignment was signed and executed on March 29, 2011, and recorded on

April 1, 2011.  (Compl. ¶ 5; Doc. No. 13, Ex. B.)

On or about February 28, 2012, Defendant commenced foreclosure by

advertisement proceedings.  (Compl. ¶ 6; Doc. No. 13, Ex. D.)  Notice of the Sheriff's

Sale was published in the Jordan Independent newspaper.  (Compl. ¶ 11; Doc. No. 13,

Ex. D.)  Ultimately, Defendant purchased the Subject Property at the Sheriff's Sale on

July 24, 2012.  (Compl. ¶ 6; Doc. No. 13, Ex. E.)  Plaintiff claims that Defendant had

represented to her, by telephone in the summer of 2012, "that the Sheriff's Sale had been

put on hold and would not occur on July 24, 2012."  (Compl. ¶¶ 30, 32.)  Plaintiff asserts

that she did not become aware that the sale had occurred until she received a letter from

Defendant, through its counsel, dated February 7, 2013, after the redemption period had

expired.  (*Id.* ¶ 37.)

On February 26, 2013, Plaintiff initiated the present action by filing a Complaint

in state court.  (*See id.* at 11.)  Defendant removed the case to this court.  (Doc. No. 1.)

Plaintiff's Complaint asserts the following six causes of action:  (1) Failure to Strictly

Comply with Minn. Stat. § 580.03; (2) Failure to Strictly Comply with Minn. Stat.

§ 580.05; (3) Failure to Strictly Comply with Minn. Stat. § 580.02; (4) Fraud, and in the

alternative, Negligent Misrepresentation; (5) Quiet Title, Minn. Stat. § 559.01; and

(6) Slander of Title.  (Compl. ¶¶ 9-56.)  Defendant now moves to dismiss all of Plaintiff's

claims.

## DISCUSSION

## I.    Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous

Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level."  *Id*. at 555.  As the United States Supreme Court recently reiterated, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements,"

will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     Motion to Dismiss

The Court addresses each of Plaintiff's six claims in turn below.

### A.     Minn. Stat. § 580.03

Count I of the Complaint alleges that Defendant failed to strictly comply with Minnesota Statutes Section 580.03. Minnesota Statutes Section 580.03 requires that six weeks' published notice be given that a mortgage "will be foreclosed by sale of the mortgaged premises." Minn. Stat. § 580.03. Plaintiff claims that notice in this case as published in the Jordan Independent newspaper was ineffective, and the sale of the Property is thus invalid and void. In particular, she contends that "[t]he Jordan Independent is not sufficiently circulated in Shakopee to be deemed a qualified newspaper for the purposes of publishing the notice of sale for the Sheriff's Sale" and that publication of the notice of sale in the Jordan Independent "was not likely to give notice in the affected area or to potential bidders." (Compl. ¶¶ 12-13.)

Minnesota Statutes Section 331A.03 requires that a public notice "be published in a qualified newspaper, and except as otherwise provided by law, in one that is likely to give notice in the affected area or to whom it is directed." Minn. Stat. § 331A.03, subd. 1; *see also* Minn. Stat. § 645.11 ("[T]he words 'published notice,' . . . mean the publication in full of the notice, or other paper referred to, in the regular issue of a qualified newspaper, once each week for the number of weeks specified."). To be

qualified, a newspaper must "be circulated in the political subdivision which it purports

to serve."  Minn. Stat. § 331A.02, subd. 1(d).  "'Political subdivision' means a county,

municipality, school district, or any other local political subdivision or local or area

district, commission, board, or authority."  Minn. Stat. § 331A.01, subd. 3.

   The Minnesota Secretary of State publishes a list of qualified legal newspapers.

*See* http://www.sos.state.mn.us/index.aspx?page=98.  The Jackson Independent is one of

the listed qualified legal newspapers in Scott County.  Shakopee, where the Subject

Property is located, is also in Scott County.  The Complaint contains no factual support

for the conclusory allegation that the Jackson Independent was not an appropriate legal

publication for the notice of foreclosure.  *See Schulz v. Wells Fargo Bank, N.A.,* Civ.

No. 12-2147, 2012 WL 6591457, at *2 (D. Minn. Dec. 18, 2012); *see also Watts v. Fed.

Home Loan Mortg. Corp.*, Civ. No. 12-692, 2012 WL 6928124, at *13 (D. Minn. Oct. 30,

2012) (finding that "there is no evidence that the Stewartville Star," a newspaper

published in Stewartville, Minnesota (in Olmsted County), "does not meet the statutory

requirements for publication of the Notice of Foreclosure" for a property located in

Byron, Minnesota (also in Olmsted County)).

   While it does appear from Plaintiff's submissions that the focus of the Jordan

Independent's content is "all about the city of Jordan" and surrounding townships (*see*

Doc. No. 15, Wang Decl. ¶ 2, Ex. A), Plaintiff's Complaint contains no allegation that

the newspaper is not circulated in Shakopee or any other factual support for her claim

that publication in the Jordan Independent was unlikely to provide notice in the affected

area.  As such, Plaintiff has failed to state a valid claim that Defendant failed to comply

with Minnesota Statutes Section 580.03.[1]

### B.   Minn. Stat. § 580.05

Count II asserts a claim that Defendant failed to strictly comply with Minnesota

Statutes Section 580.05.  Section 580.05 states:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had.  If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Minn. Stat. § 580.05.

Specifically, Plaintiff argues that, before the assignment of mortgage from the

FDIC to Defendant was signed on March 29, 2011, Defendant did not have the authority

to confer power of attorney upon the foreclosing attorneys pursuant to the Notice of

Pendency of Proceeding and Power of Attorney to Foreclose Mortgage, which Defendant

executed on March 18, 2011.  (Compl. ¶¶ 17-21.)  Importantly, however, both documents

were recorded on April 1, 2011.  (Doc. No. 13, Exs. B & D.)  Moreover, Defendant

claims that it did not foreclose the mortgage pursuant to the March 18, 2011 Notice of

---

[1]   The Court acknowledges that Minnesota courts require strict compliance with foreclosure by advertisement statutes.  *Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829 N.W.2d 53, 56-59 (Minn. 2013); *see Sari v. Wells Fargo Bank, N.A.*, Civ. No. 12-1780, 2012 WL 4820148, at *4 (D. Minn. Oct. 10, 2012).

Pendency, but rather a Notice of Pendency (executed by the foreclosing law firm) dated February 28, 2012.  (Doc. No. 13, Ex. D.)

From the public documents contained in the record, it appears that the foreclosing law firm had the power to act on Defendant's behalf with respect to the foreclosure.  *See, e.g., Peterson-Price v. U.S. Bank Nat'l Ass'n*, Civ. No. 09-495, 2010 WL 1782188, at *11 (D. Minn. May 4, 2010).  While it is indeed troublesome that the FDIC did not execute a written assignment of the mortgage to Defendant (which was dated March 6, 2011, but signed on March 29, 2011) until after Defendant executed the Power of Attorney appointing the law firm of Shapiro & Zielke as attorneys for purposes of foreclosure (on March 18, 2011), the relevant documents were recorded simultaneously and do not appear to violate the requirements of Minnesota Statutes Section 580.05 on its face.  *See Molde v. CitiMortgage, Inc.*, 781 N.W. 2d 36, 43 (Minn. Ct. App. 2010) (concluding that the legislature "did not intend to require that a document evidencing the authority of an attorney-in-fact to initiate a foreclosure by advertisement be recorded in the tract index").  Plaintiff's Complaint provides no factual support for her claim that Defendant failed to comply with any of the requirements of Minnesota Statutes Section 580.05.  Therefore, Plaintiff has failed to state a claim thereunder, and the Court dismisses Count II.

### C.      Minn. Stat. § 580.02

In Count III, Plaintiff alleges a cause of action under Minnesota Statutes Section 580.02.  Section 580.02 sets forth four requirements for a foreclosure, the first requirement being that there is "some default in a condition" of the mortgage "by which

the power to sell has become operative." *See* Minn. Stat. § 580.02.  This cause of action is based entirely on Plaintiff's assertion that Defendant failed to provide notice of foreclosure to Plaintiff by certified mail, and that the Sheriff's sale was therefore unlawful.  (Compl. ¶¶ 25-26.)  Plaintiff has otherwise failed to allege any basis upon which Defendant violated section 580.02.

Plaintiff merely claims, in a conclusory fashion, that notice was not sent by certified mail and provides no factual support for her assertion. There appears to be no legitimate dispute, however, that five notices of default were sent to Plaintiff by certified mail. (*See* Doc. No. 13, Ex. F.)  Furthermore, there appears to be no dispute that Plaintiff defaulted on her mortgage and that the original mortgage provides that foreclosure is a remedy for default.  Thus, Plaintiff has failed to state a plausible claim upon which relief can be granted, and Count III is properly dismissed.

### D.    Misrepresentation

Count IV asserts a claim for fraud and, alternatively, negligent misrepresentation.

Under Minnesota law, the elements of fraud are:  (1) a false representation of a past or present material fact which was susceptible of knowledge; (2) the defendant knew the representation was false or made it without knowing whether it was true or false; (3) an intention to induce plaintiff to act in reliance on the misrepresentation; (4) the representation caused the plaintiff to act in reliance thereon; and (5) the plaintiff suffered pecuniary damage as a result of the reliance.  *Hoyt Props., Inc. v. Prod. Res. Group, L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007) (quoting *Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986)).

A person makes a negligent misrepresentation when:

> (1) in the course of his or her business, profession, or employment, or in a transaction in which he or she has a pecuniary interest, (2) the person supplies false information for the guidance of others in their business transactions, (3) another justifiably relies on the information, and (4) the person making the representation has failed to exercise reasonable care in obtaining or communicating the information.

*Valspar Refinish, Inc. v. Gaylord's, Inc.,* 764 N.W.2d 359, 369 (Minn. 2009).  Also "[u]nder Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity."  *Trooien v. Mansour,* 608 F.3d 1020, 1028 (8th Cir.2010).  Accordingly, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure are applicable to claims of both fraud and negligent misrepresentation.

Plaintiff's claims of fraud and negligent misrepresentation center on the allegation that a representative of Defendant's told Plaintiff that the Sheriff's Sale would be postponed and would not occur on July 24, 2012.  (Compl. ¶ 30.)  The Court concludes that Plaintiff's Complaint fails to sufficiently allege a claim for misrepresentation under either theory.  First, Plaintiff has wholly failed to allege misrepresentation with the required particularity.  Plaintiff does not allege who made the alleged misrepresentation, when the misrepresentation was made, or specifically what was said.  The bare and conclusory allegations do not suffice.  Second, Plaintiff has failed to adequately allege that she justifiably relied on any misrepresentation to her detriment.  Plaintiff claims that she "would have taken other action to prevent the Sheriff's Sale from occurring" had it

not been for Defendant's false representation (*id.* ¶ 36); however, Plaintiff was in default

on her loan, had not entered into a loan modification agreement, and has not articulated

what steps she could have taken to prevent the sale of the Subject Property.  Moreover,

Plaintiff has not alleged an intent or ability to reinstate the mortgage.  Plaintiff's bare

assertion that she relied on Defendant's statement is insufficient.  *See, e.g., Cox v. Mortg.*

*Elec. Registration Sys., Inc.,* 794 F. Supp. 2d 1060, 1067 (D. Minn. 2011).  Finally,

Plaintiff has failed to sufficiently allege facts to show that Defendant's alleged failure to

follow through on the promise to stay the foreclosure proceedings was the proximate

cause of foreclosure or other damages to Plaintiff.  *See, e.g., Jacobson v. Deutsche Bank*

*Nat'l Trust Co.*, Civ. No. 12-771, 2012 WL 3638534, at *3 (D. Minn. Aug. 23, 2012).

Therefore, the Court concludes that Plaintiff's claims of fraud and negligent

misrepresentation fail, and Count IV is properly dismissed.

### E.      Quiet Title, Minn. Stat. § 559.01

Plaintiff asserts a quiet title claim under Minnesota Statutes Section 559.01 in

Count V.  Minnesota Statutes Section 559.01 provides a cause of action whereby a person

in possession of real property may bring an action against another who claims an interest

in that property.  Minn. Stat. § 559.01.

This claim is based on Plaintiff's conclusory statements that:  she is "the current

owner and possessor" of the Subject Property; that Defendant "may claim title through an

attempt to foreclose"; and that Plaintiff is "entitled to title to the Subject Property quieted

in [her] name."  (Compl. ¶¶ 41-43.)  There appears to be no dispute that Plaintiff

defaulted on her mortgage and that the mortgage provides that foreclosure is a remedy for

default.  Moreover, Plaintiff has failed to state a valid claim that any interest Defendant may have in the Subject Property is invalid based on the theories addressed above.  Thus, Plaintiff's quiet title claim necessarily fails, and Count V is properly dismissed.

### F.      Slander of Title

Count VI of the Complaint asserts a slander of title claim.  Under Minnesota law, a slander of title claim has four elements:  (1) a false statement concerning the real property owned by the plaintiff; (2) publication of the false statement; (3) malice; and (4) special damages.  *See Paidar v. Hughes,* 615 N.W.2d 276, 279–80 (Minn. 2000).

This Count is also based on Plaintiff's claim that the Sheriff's Sale was invalid and unenforceable because Defendant did not send her a default letter by certified mail. (Compl. ¶¶ 47-50.)  Again, Plaintiff merely alleges, in a conclusory fashion, that the notices were not sent by certified mail and provides no factual support for her assertion. As discussed with respect to Count III, there appears to be no legitimate dispute that five notices of default were sent to Plaintiff by certified mail.  (*See* Doc. No. 13, Ex. F.) Furthermore, the original mortgage provides that foreclosure is a remedy for default, and Plaintiff has failed to state a valid claim that the Sheriff's Sale was otherwise invalid for the reasons described above.  Thus, Plaintiff has failed to state a valid slander of title claim, and the Court dismisses Count VI.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.      Defendant Deutsche Bank National Trust Company's Motion to Dismiss Complaint (Doc. No. [7]) is **GRANTED**.

2.     Plaintiff's Complaint (Doc. No. [1], Ex. 1) is **DISMISSED WITH**

**PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 26, 2013                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge